Bajrboer, J., (dissenting.)
The order for the goods in this case, which must be considered as the contract between the parties, is, in the usual form of orders given by *481 one merchant to another, and the only member of the plaintiffs’ firm who conversed with the defendant upon the subject has no distinct recollection that he communicated to him the terms upon which the invoice or order was to be filled. Indeed, there is no evidence in the case to show that the defendant knew or supposed the plaintiffs were to buy the chains for him upon commission. That, however, is not very important, inasmuch as it is clear that the goods were ordered from the plaintiffs, and that they, in fact, purchased them in the name of their own firm, or upon their own responsibility, and now seek to recover the purchase price; and, therefore, that they did not act in the transaction as mere agents for the defendant. For the purposes of this suit, the parties may be considered as vendor and purchaser.
The plaintiffs, under the order given to them to forward the goods by packet, and the undertaking on their part to execute that order, were required to do more than merely to send such goods on board the ship. They were also bound to perform all such acts, incidental to the shipment, and customary among persons in that business, as would render the same effective and beneficial to the owner; such as taking a bill of lading, and sending forward an invoice so that the articles could be entered and passed at the custom house here. The taking of the bill of lading may be considered a part and parcel" of the shipment itself, as such shipment would be incomplete without it. But it by no means follows that the placing of the goods on board and taking therefor a proper bill of lading was not an execution of the order to such an extent as to make the delivery to the defendant complete, even though no invoice,- bill of lading, nor advice of shipment was sent forward at that time, or even until long thereafter. The consignors, in such a case, would, doubtless, be liable to the consignee for any injury sustained by him in consequence of such omission of duty on their part, but the . delivery being complete, and the goods not having *been destroyed, but only partially injured, he could only recover *482 such damages, in an action of this kind, by way of recoupment, and not as an absolute defense to the entire action. In this view of the matter, the exclusion of the testimony offered by the defendant to prove the custom of merchants in regard to sending forward advices of shipment and invoices was not erroneous, because the fact, if proved, would have been unimportant.
The plaintiffs were directed by the order to “ forward, “ by an early packet, giving preference to the Black Ball “ Line.” If the direction to forward had been general, without referring to any particular line, the plaintiffs would, undoubtedly, have been bound to ship the goods in the ordinary way, and upon such a bill of lading as is usual and customary among merchants and shippers, which the one taken in this case, containing as it does an exemption of the vessel from liability in case of loss by fire, is not. If the bill contains any exemption from liability, except from loss occasioned by the act of God or the enemies of the government of the country from which the goods are shipped, it is not the-bill of lading which has been recognized by the common law for centuries as* customary among merchants. It is the duty of the vendor, where goods are transmitted: to a- purchaser by a- carrier,, to exercise due ©are- and diligence so as to- provide the consignee with a remedy over against the carrier. (1 Parsons on Cont., 445, note g.; Buckman v. Levi,, 3 Camp. R., 414; Clarke v. Hutchins, 14 East, 475; Alexander v. Gardner, 1 Bing. N. C., 671; Dawes v. Peck, 8 T. R., 330.) That obligation would, in the case supposed, have rested upon the plaintiffs; and to excuse themselves for its non- ■ performance, it would be incumbent upon them to show that packet ships issuing the usual bill of lading could not be found.
I am unable to preceive that the direction to give a preference to the Black Ball Line, removes the obligation above suggested, or authorizes the plaintiffs to ship the goods otherwise than in the customary manner. They are to- give a preference to the line in question; that is, all *483 things being equal, they are required to ship by that line. But the order no more empowers them to ship under a bill of lading containing unusual and extraordinary exceptions, than it permits a shipment by such line at an extortionate price, to the exclusion of other packet ships, offering to carry at low rates of freight. As the shipment, then, under the bill of lading set forth in the case, was unauthorized by the order, as well as in violation of the plaintiffs’ legal obligations, it follows that the goods were never delivered to the defendant, under or in accordance with his order directing the plaintiffs to foward them by packet; and, therefore, no cause of action as alleged in the complaint, has accrued to- them against the defendant.
Bor these reasons,, the verdict should be set aside as contrary to evidence, and a new trial granted.
Judgment for plaintiffs on the verdict.